■ In the Matter of FRANK R. WAHL, Petitioner, v ORIN LEHMAN, as Commissioner of New York State Department of Parks and Recreation, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Department of Parks and Recreation, dated August 2, 1977 and made after a hearing, which found petitioner guilty of certain charges and specifications and demoted him from the position of sergeant to officer and forfeited all pay during his suspension. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination of the petitioner's guilt is supported by substantial evidence and we cannot say that the penalty imposed is so clearly " 'disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (see *Matter of Butterly & Green v Lomenzo*, 36 NY2d 250, 255; *Matter of Pell v Board of Educ.*, 34 NY2d 222). The contention that petitioner had a right to have the acts with which he was charged determined in arbitration under the so-called *Triborough* doctrine *(Matter of Triborough Bridge & Tunnel Auth. [District Council 37 & Local 1369]*, 5 PERB 3064, even though the employment contract with the Long Island State Parkway Commission Police had expired, is rejected. That doctrine, if it still retains any validity (see *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.*, 41 NY2d 753), only applies to the period of time between the expiration of one employment contract and its renegotiation. Here, there was no contract to be renegotiated because, by an act of the Legislature (L 1976, ch 800, § 1), certain members of designated police forces, including the Long Island State Park and Recreational Commission police force, were established as a new, separate and totally independent negotiating unit. Petitioner came within the group of officers comprising that unit. Hence there was no pre-existing contract covering the petitioner to be renegotiated; on the contrary, the newer negotiating unit was empowered by legislative fiat to enter into a new contract with the State. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ In the Matter of the Estate of CHARLES F. WOLF, Deceased. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant; ANTHONY L. PAGONES et al., Respondents.—In a contested accounting proceeding, the Attorney-General of the State of New York appeals from an order of the Surrogate's Court, Dutchess County, entered November 17, 1977, which denied his motion for an order vacating an executor's demand for a bill of particulars. Order modified, by adding to the decretal paragraph thereof, after the word "denied", the following: "except said motion is granted insofar as the demand relates to attorneys' fees, accountants' fees and executors' commissions". As so modified, order affirmed, without costs or disbursements. The burden of proving the reasonableness and necessity of all expenses incurred after the testator's death rests upon the accounting party *(Matter of Shulsky,* 34 AD2d 545). Since a party is not entitled to a bill of particulars with respect to a claim as to which he has the burden of proof, it was improper to deny the Attorney-General's motion to vacate the demand for a bill of particulars relating to attorneys' fees, accountants' fees and executors' fees. Suozzi, J. P., O'Connor, Gulotta and Cohalan, JJ., concur.