■ In the Matter of ST. JOHN'S QUEENS HOSPITAL, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Health of the State of New York, dated May 29, 1986, which, after a hearing, found the petitioner guilty of four charges of misconduct and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On December 28, 1984, Anna Katz was brought to the petitioner hospital by her daughter. She had fallen approximately 14 to 16 hours earlier and had lain on the floor, unable to move until her daughter found her. She arrived at the hospital at about 12:10 P.M. and subsequently died as the result of a fracture of the cervical spine (broken neck) at 11:41 P.M. that day. Katz was a 78-year-old, arthritic, diet-controlled diabetic with only one kidney. Although an electrocardiogram and X rays of Katz's upper body were performed, no neurolo-

gical examination was ordered until she had lapsed into a coma. Blood tests were not ordered until 6:20 P.M. and an orthopedic examination of two minutes' duration was limited to a brief palpating of Katz's wrist.

Seven charges were raised against the petitioner by the Commissioner of Health, and, on September 18, 1985, a hearing was commenced. The Administrative Law Judge recommended that each of the charges be dismissed; however, the Commissioner dismissed only three, and imposed a civil penalty for violation of the remaining four.

Although the findings of an Administrative Law Judge are entitled to considerable weight, they may be overruled by the official with the power to mete out the discipline if the official's action is supported by substantial evidence *(Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Danzo Estate v New York State Liq. Auth.,* 27 NY2d 469). Upon our review of the record, we conclude that the Commissioner's action was supported by substantial evidence of violations of 10 NYCRR and his determination is therefore confirmed. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.