■ In the Matter of NICHOLAS DeMARTINI, Appellant, v WILLIAM B. EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.—

In reviewing a determination of an administrative agency, it is not the role of the courts to disturb the fact-finding function of the agency. The scope of judicial review is limited to questions of law and to a determination as to whether there was a rational basis in the record upon which the agency based its action (see, Matter of Pell v Board of Educ., 34 NY2d 222). In the case at bar the agency's determination was not rationally based on the record because the agency failed to consider all of the facts before it in coming to the conclusion that a reduction of rent was warranted. The agency properly determined that a dishwasher was an essential service included in the rent-stabilized lease in question. However, the agency failed to address the issue of the cause of the malfunction of the dishwasher.

It is well settled that when an owner reduces services such as electricity (see, Matter of Mott v Division of Hous. & Community Renewal, 147 AD2d 571), or fails to properly maintain essential services such as plumbing (see, Matter of Albert v Eimicke, 151 AD2d 746), the statutorily mandated remedy is a reduction of the rent (see, 9 NYCRR 2202.16 [a]; 2200.3 [b]). However, in a typical rent reduction case, the landlord has exclusive control over the essential service in question. In contrast, the present landlord alleges that the dishwasher was broken due to the tenants' negligent use of the machine because an errant spoon was found lodged in the mechanism purportedly causing the motor to burn out. The landlord further alleges that the lease held the tenants liable for damage resulting from the negligent use of the equipment provided. Because the tenants may have played a role in the

reduction of the essential service, it is incumbent upon the agency to determine whether the tenants were negligent and, if so, whether the negligence was a factor in the malfunction of the dishwasher. If these questions are answered in the affirmative, the agency must fashion an appropriate remedy in accordance with 9 NYCRR 2527.6. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.