■ In the Matter of FABULOUS STEAK HOUSE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated October 16, 1990, which reversed the findings and conclusions of a hearing officer, upon its own findings, concluded that the subject licensed premises has ceased to be operated as a bona fide premises within the contemplation of the license issued for the premises, and imposed a penalty of revocation of the license and forfeiture of the petitioner's $1,000 bond.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The charge brought against the petitioner was that it had "ceased to be operated as a bona fide premises within the contemplation of the license issued for such premises". A hearing was conducted at which an investigator testified that on four separate occasions when he visited the licensed premises, he was prevented from entering by two men acting as security guards who told him that the licensed premises was a private club. The petitioner countered this evidence with the testimony of its owner and two members of its security staff who described the licensed premises as a "Chinese club", with Chinese employees, Chinese entertainment, and a predominantly Chinese clientele. The petitioner's witnesses, however, denied that non-Chinese persons were purposefully excluded from the premises, although they conceded that these persons were advised before entering that the licensed premises was a "Chinese club".

The Administrative Law Judge credited the testimony of the petitioner's witnesses and discounted in large part that of

the investigator, concluding that the charge had not been sustained. The respondent New York State Liquor Authority reversed, essentially on new findings concerning the credibility of the witnesses, and sustained the charge.

Although the findings of an Administrative Law Judge, particularly those concerning the resolution of issues of credibility, are entitled to considerable weight, they are nevertheless not conclusive and may be overruled by the official or body with the power to mete out the discipline, if that action is supported by substantial evidence *(see, Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Danzo Estate v New York State Liq. Auth.,* 27 NY2d 469; *Matter of St. John's Queens Hosp. v Axelrod,* 137 AD2d 605). In this case, there was substantial evidence to sustain the charge *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Stork Rest. v Boland,* 282 NY 256, *Matter of Bamberger v New York State Liq. Auth.,* 112 AD2d 158), and the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see,* CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Bamberger v New York State Liq. Auth., supra).* Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.