■ In the Matter of DAVID MOTELL, Petitioner, v RALPH E. NAPOLITANO, as Commissioner of Aviation of the City of

Syracuse, et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: There was substantial evidence to support respondent Commissioner's determination that petitioner, an information aide employed by the City of Syracuse Department of Aviation at the Hancock International Airport, stole a sum of money from a wallet that had been turned in to him as lost property on the evening of March 31, 1990. The Hearing Officer's factual findings, which turned on the issue of credibility, are entitled to great weight *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 394). Although the proof against petitioner was entirely circumstantial, there is a rational basis in the record to support the Commissioner's determination to sustain the charge.

The Hearing Officer did not err by receiving into evidence the results of a polygraph examination to which petitioner voluntarily submitted. Where, as here, the record contains substantial evidence of the reliability of the machine and the qualifications of its administrator, evidence of the results of such an examination may be considered by the Hearing Officer in such a proceeding *(see, May v Shaw,* 79 AD2d 970; *cf., Matter of Sowa v Looney,* 23 NY2d 329). In any event, the findings and recommendation of the Hearing Officer did not mention the test results and the record otherwise contains substantial evidence to support the determination.

There is no merit to petitioner's further contention that the Commissioner failed to make an independent appraisal of the record prior to rendering his determination. We note only that the Commissioner had the complete record of the proceedings before him. Thus, " 'the extent to which independent study of the evidence in the record is necessary to the required exercise of informed judgment must be left to the wisdom and practical good sense' " of the Commissioner *(Matter of Wallace v Murphy,* 21 NY2d 433, 438, *rearg denied* 22 NY2d 884). We do not find the penalty of dismissal to be disproportionate to the offense considering the nature of the charges and petitioner's disciplinary history *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Miller, J.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.