■ In the Matter of JOSE ROMAN, Petitioner, v JOHN J. ALLEN, as Commissioner of the Department of Social Services of the County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the Westchester County Department of Social Services, dated January 29, 1990, as, after a hearing, found that the petitioner was guilty of 23 charges of incompetence and 1 charge of misconduct, and demoted him from Senior Social Caseworker to Social Caseworker.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was charged with 28 counts of incompetence and misconduct. Following a hearing, the Hearing Officer found the petitioner guilty of 24 enumerated specifications and recommended that he be suspended for a period not to exceed two months. The Commissioner of the Westchester County Department of Social Services adopted the Hearing Officer's findings with respect to the petitioner's guilt. However, the Commissioner rejected the Hearing Officer's recommendation with respect to the penalty and demoted the petitioner from Senior Social Caseworker to Social Caseworker.

The petitioner does not challenge the Commissioner's findings as to guilt, but contends that the penalty imposed was improper.

The penalty imposed by an administrative body will not be set aside unless the penalty is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ., 34 NY2d 222, 233). Moreover, restraint should be exercised in intervening in matters of internal discipline, since the administrative agency possesses "a special proficiency and experience [and] * * * also an alertness to and a comprehension of the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships" (Matter of Ahsaf v Nyquist, 37 NY2d 182, 184-185; see also, Matter of Purdy v Kriesberg, 47 NY2d 354, 360). In view of the petitioner's continuous disregard of departmental procedure and policy and his lack of due diligence, the penalty of demotion is not so disproportionate to the offenses as to be shocking to one's sense of fairness. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.