■ In the Matter of KEVIN C. McGREW et al., Petitioners, v JOHN C. DILLON, as Sheriff of the County of Onondaga, Respondent.—Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: There is substantial evidence to support respondent's determination that petitioner Raus violated section 2.7 of the Departmental Duty Manual by subjecting an inmate to unnecessary physical force on February 24, 1991. The Hearing Officer's factual findings, which turned on the issue of credibility, are entitled to great weight (see, Matter of Simpson v Wolansky, 38 NY2d 391, 394; Matter of Motell v Napolitano, 186 AD2d 989). Respondent's imposition of a 10-day suspension for this conduct, which caused serious physical injury to the inmate, was not so disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233; see also, Matter of Alfieri v Murphy, 38 NY2d 976, 977; Matter of O'Connor v Frank, 38 NY2d 963, 964).

The Hearing Officer's findings, adopted by respondent, that McGrew was guilty by omission in failing to intervene to prevent or mitigate the injuries to the inmate, conflict with the charges made in the notice and specification of charges. Therefore, the determination must be annulled, the sanction imposed vacated and the charge expunged from McGrew's personnel file. (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Stone, J.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.

■ In the Matter of the Estate of CHARLES RIGGIE, Also Known as CHARLES RIGGI, Deceased.—Decree unanimously affirmed with costs for reasons stated in decision at Niagara County Surrogate's Court, DiFlorio, S. (Appeal from Decree of Niagara County Surrogate's Court, DiFlorio, S.—Estate Accounting.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.