In the Matter of NADINE A. SASSONE, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. (And Another Related Proceeding.)

Third Department, March 11, 1993

## APPEARANCES OF COUNSEL

*D. Jeffrey Gosch,* Syracuse, for appellant.

*Ralph J. Vecchio,* Albany *(Charles T. Randall* and *Resa J. Siegel* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH JR. J.

In 1989 petitioner, a toll collector employed by respondent, was suspended without pay and formally charged with misconduct. Following an evidentiary hearing, petitioner was found guilty of several specifications of misconduct and terminated. On November 14, 1991, this Court found that she had been improperly dismissed, granted her petition to the extent of annulling the determination, and remitted the matter to respondent for further proceedings *(Matter of Sassone v New York State Thruway Auth.,* 171 AD2d 308).

Petitioner's requests that respondent restore her employment and pay back wages for the period between her initial unlawful termination and her "reinstatement", pursuant to Civil Service Law § 77, went unanswered. However, on January 22, 1992 respondent terminated petitioner, this time following the correct procedure. Petitioner thereupon instituted a CPLR article 78 proceeding to compel respondent to pay these sums. Supreme Court directed respondent to pay the requested amounts less unemployment compensation and other wages earned by petitioner during the period in question. Petitioner appeals this determination to the extent that it requires that earned wages be subtracted from the amount of back pay and benefits due her. This appeal has been combined with another CPLR article 78 proceeding, instituted

by petitioner and properly transferred to this Court, wherein petitioner challenges the basis for respondent's decision to discharge her.

Petitioner's reliance on Civil Service Law § 77 is misplaced. Although this Court's prior order annulled her previous termination, it did not restore her to her position, but rather returned her to the status she occupied prior to her procedurally flawed termination, that of an employee suspended without pay, pending the determination of the disciplinary charges lodged against her. That suspension represents something less than complete restoration. This is apparent from the fact that the Civil Service Law unequivocally declares that an employee who has been suspended, such as petitioner, may be "restored to [her] position" provided that she is acquitted (Civil Service Law § 75 [3]). Although petitioner maintains that she was fully restored to her position, with the concomitant right to work and to earn her full salary, while respondent considered the Hearing Officer's recommendations that certain of the misconduct charges pending against her be sustained and that she be dismissed, this is simply not the case. In remitting for further proceedings, it is significant to note that we made no finding that petitioner had an immediate enforceable right to regain possession of her position as a toll collector, a finding which is prerequisite to the application of Civil Service Law § 77 (see, Matter of Sinicropi v Bennett, 92 AD2d 309, 314-315, n 2, affd 60 NY2d 918). Not having been acquitted or judicially recognized as having an immediate right to reinstatement, petitioner is not entitled to recover the salary amount she seeks.

Because Civil Service Law § 77 is inapplicable to petitioner's circumstances, her award for back pay, insofar as it is based upon her having been suspended for more than 30 days, was correctly reduced by Supreme Court by the aggregate of the wages earned and any unemployment insurance benefits she received during that period (see, Matter of Diehsner v Schenectady City School Dist., 152 AD2d 796, 798-799; Matter of Sinicropi v Bennett, supra, at 317-318).

As for petitioner's other claims, examination of the record reveals that petitioner was granted due process and a fair hearing, and that there was substantial evidence from which respondent could have found petitioner guilty of the specifications which were sustained. Evidence presented at the hearing established that petitioner processed tickets with punch holes that did not correlate to the vehicles exiting through her lane;

the fact that these vehicles entered the Thruway at various entry points, coupled with testimony that the holes appeared not to have been punched by machine, and that a leather punch was found in petitioner's car later that evening, supports the reasonable inference that petitioner punched the extra holes herself. With regard to the nonrevenue tickets processed by petitioner, testimony demonstrated that the tickets were processed when there were no vehicles in the toll plaza. Although petitioner claimed that trucks turning around would not have been visible to the witnesses, this merely raised a credibility question which was resolved in respondent's favor by the Hearing Officer, who noted that even if trucks had been out of view when turning, they would have passed through the plaza on exiting. The final specification charged petitioner with leaving the toll area without permission. As to that, her supervisor's testimony that she saw petitioner leaving and that she did so without permission is sufficient to warrant a finding of guilt on this charge.

We find no basis in the record for petitioner's contention that the Hearing Officer was biased. Nor are we moved by petitioner's entreaty that her dismissal from service is an excessive penalty. In light of petitioner's deliberate tampering with records, seemingly for her own financial benefit, and the abiding need to protect against conduct which misuses the public fisc, her dismissal cannot be said to shock one's conscience (see, Matter of Pell v Board of Educ., 34 NY2d 222, 234). Petitioner's other contentions have been examined and found to be without merit.

WEISS, P. J., LEVINE, CREW III and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.

Adjudged that the determination is confirmed, without costs.