■ In the Matter of BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO, Petitioner, v BUFFALO TEACHERS FEDERATION, INC., et al., Respondents. [594 NYS2d 937] —Determination unanimously confirmed with costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding and action for declaratory judgment challenging a determination of the Public Employment Relations Board (PERB) and seeking a declaration with respect to its obligations to implement a collective bargaining agreement reached on September 1, 1990 by petitioner and the Buffalo Teachers Federation (BTF) in the event that we uphold PERB's determination. The IAS Court transferred the proceeding and action pursuant to CPLR 7804 (g). We confirm PERB's determination that petitioner violated section 209-a of the Civil Service Law (Public Employees' Fair Employment Act) and otherwise dismiss petitioner's action for declaratory relief as premature.

The Hearing Officer found that a member of petitioner's negotiating team failed to support ratification of the agreement and that his actions resulted in petitioner's voting against the agreement. The Hearing Officer specifically found that portions of the negotiating team member's testimony were not credible. PERB determined that the Hearing Officer's findings with regard to the negotiating team member's conduct were supported by the record. The factual findings of a Hearing Officer, which turn on the issue of credibility, are entitled to great weight *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of McGrew v Dillon,* 188 AD2d 1060; *Matter of Motell v Napolitano,* 186 AD2d 989). We conclude that PERB's determination is supported by substantial evidence *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). We also agree with PERB that the alleged procedural errors do not require reversal. The Hearing Officer correctly refused to grant petitioner's motion to dismiss prior to the hearing and at the close of BTF's direct case *(see, Matter of County of Nassau [Police Dept.],* 17 PERB ¶ 3013). Further, there is no merit to petitioner's contention that the Hearing Officer erred in refusing to permit petitioner to introduce

evidence of strike threats by BTF *(see, Matter of Haverling Teachers' Assn. [Bath Cent. School Dist.],* 23 PERB ¶ 3026). Finally, we agree with PERB that discussions by petitioner's members in executive session are not privileged. In any event, there was sufficient evidence apart from those discussions to sustain PERB's determination.

We agree with petitioner that the issues raised in the declaratory judgment action are not related to our review of PERB's determination. For that reason, we dismiss the action for a declaratory judgment as premature. Courts will not entertain a declaratory judgment action when any decree that the court might issue would become effective only upon the occurrence of a future event that may or may not come to pass *(New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 531; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.09b). There is no evidence that petitioner will not implement the provisions of the agreement upon execution and we decline to issue an advisory opinion regarding future rights and remedies. Additionally, the record is not developed regarding the issue of legislative approval *(see,* Civil Service Law § 201 [12]; § 204-a [1]). (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present— Denman, P. J., Balio, Fallon and Boehm, JJ.