■ In the Matter of ANTHONY DiPALMA, Petitioner, v CARMEN S. SUARDY et al., Respondents. [615 NYS2d 719] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated January 31, 1991, which, after a hearing, found the petitioner guilty of insubordination on certain specified dates and demoted him from his position as a Car Appearance Supervisor to his former position of Cleaner.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

After a hearing, the petitioner was found guilty of various acts of insubordination and demoted from his supervisory position.

In reviewing a determination of an administrative agency, it is not the role of the courts to disturb the fact-finding function of the agency; rather, the scope of judicial review is limited to questions of law and to a determination as to whether the record reveals a rational basis for the agency's action *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of DeMartini v Eimicke,* 158 AD2d 522). While the petitioner may dispute the Hearing Officer's credibility determinations, we find that there was substantial evidence to sustain the charges *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Fabulous Steak House v New York State Liq. Auth.,* 186 AD2d 566, 567).

We further find that the penalty of demotion was not "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra).* Indeed, as the Hearing Officer, who had recommended a lesser penalty, nonetheless observed, the petitioner's insubordination and attempts to shirk work set a poor example for the employees under his supervision. Moreover, we recognize that restraint should be exercised in intervening in matters of internal discipline, since the administrative agency possesses "a special proficiency and experience [and] * * * also an alertness to and a comprehension of the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships" *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184-185; *see also, Matter of Purdy v Kriesberg,* 47 NY2d 354, 360; *Matter of Roman v Allen,* 187 AD2d 598, 599). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.