■ In the Matter of LAKE ANNE WASTE DISPOSAL CORP. et al., Petitioners, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [623 NYS2d 888] —Proceeding pursuant to CPLR article 78 to review an order of the Commissioner of the New York State Department of Environmental Conservation, dated August 14, 1992, which, *inter alia,* after a hearing, found that the petitioners had violated 6 NYCRR 360-1.7 (a) (1) (ii) by operating a solid waste management facility without a permit.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On March 16, 1990, the New York State Department of Environmental Conservation inspected a portion of the petitioners' 650-acre commercial property located in the Town of Blooming Grove, Orange County, and observed, among other items, old furniture and appliances in a pile of debris on the property. After a hearing, the Commissioner of the New York State Department of Environmental Conservation (hereinafter the Commissioner) issued an order concluding that the petitioners had violated 6 NYCRR 360-1.7 (a) (1) (ii) by operating a solid waste management facility without a permit. The petitioners then commenced this proceeding contending that they are exempt from the permit requirement pursuant to 6 NYCRR 360-1.7 (b) (4), which creates an exception for an onsite solid waste management facility located at a single or multiple family residence or commercial establishment and used for the storage of reusable material generated at that property.

The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Collins v Codd,* 38 NY2d 269, 271). The scope of this Court's review is therefore limited to "whether a determination * * *

is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]; *Matter of Wright v Commissioner of N. Y. State Dept. of Motor Vehicles,* 189 AD2d 767, 768; *see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Fabulous Steak House v New York State Liq. Auth.,* 186 AD2d 566, 567).

Here, the testimony of the witnesses for the New York State Department of Environmental Conservation, supported by the photographic exhibits, plainly established that there was a disordered heap of solid waste on the site, and that the items in the heap included furniture and automobile parts. Indeed, the petitioners conceded that the pile contained various items that are not reusable within the meaning of the regulations. Accordingly, the Commissioner's determination is supported by substantial evidence *(see,* CPLR 7803 [4]). Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.