■ In the Matter of SHAWN OST, Appellant, v SUPERVISOR OF THE TOWN OF WOODSTOCK et al., Respondents. [673 NYS2d 768] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 12, 1997 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents dismissing petitioner from his employment.

Petitioner, a police officer for the Town of Woodstock in

Ulster County, was charged with 11 specifications of misconduct arising from two separate incidents. The first occurred in August 1994. While on duty, petitioner allegedly used his police vehicle to give a young civilian woman a ride to her home outside the geographical boundaries of the Town, without authorization, and subjected her to unwanted sexual contact. The events of that evening formed the basis for five of the charges (specifications 5, 6, 8, 9 and 11). The remaining six specifications (those numbered 1, 2, 3, 4, 7 and 10) were premised upon an incident that happened approximately one year later, when petitioner purportedly compromised the safety and operations of the Town Police Department by informing the same woman (hereinafter the complainant) that she was the subject of a narcotics investigation.

After a hearing, at which petitioner categorically denied having any contact with the complainant on either of the aforementioned occasions, the Hearing Officer found that there was insufficient evidence to sustain the charges relating to the first incident. Petitioner was, however, found guilty of all but one of the specifications arising from the second incident and it was recommended that he be reprimanded and suspended for 30 days without pay.

Respondent Town Board of the Town of Woodstock then passed a resolution unanimously adopting the Hearing Officer's findings of guilt with respect to specifications 1, 3, 4, 7 and 10. Additionally, the Board sustained charges 8 and 11 (1)—alleging the unauthorized use of a police vehicle, and an improper and unreported absence from duty, in August 1994— and terminated his employment as a police officer. Petitioner commenced a CPLR article 78 proceeding challenging that determination. Supreme Court rejected all but one of petitioner's contentions, namely, that the Board had failed to set forth the rationale underlying its departure from the Hearing Officer's findings and recommended penalty. As a consequence, the petition was granted to the extent that the matter was remitted for an appropriate decision.

Subsequently, respondent Supervisor of the Town of Woodstock explained in a letter that charges 8 and 11 (1) were sustained because the Board, having found that petitioner lied about his activities in August 1995, had concluded that his testimony regarding the earlier incident was incredible as well. The penalty of dismissal was deemed necessary, the Supervisor indicated, because of the serious nature of the August 1995 misconduct, which compromised the physical safety and integrity of the Police Department. Following receipt of this letter,

petitioner commenced this CPLR article 78 proceeding, again seeking annulment of the determination, on the ground, *inter alia*, that the explanation furnished by the Board for its deviation from the Hearing Officer's findings and recommendation was not supported by the record. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner's argument that his hearing was tainted by the admission of testimony regarding a polygraph test of the complainant is unavailing. Such testimony may be considered in a hearing of this type, if it is otherwise material and relevant, as long as there is—as there was in this instance—substantial evidence of the reliability of the machine and the qualifications of the operator (*see, Matter of Motell v Napolitano*, 186 AD2d 989, 990). In any event, any error in receiving this testimony was harmless, for neither the Hearing Officer nor the Board relied on it in deciding the charges that formed the basis for the penalty imposed (*cf., Matter of Sowa v Looney*, 23 NY2d 329, 335; *Matter of Motell v Napolitano, supra*, at 990). As for petitioner's complaint that he was not offered an opportunity to take a similar test, it suffices to note that although he mentioned that he would be willing to submit to such an examination, he never requested that one be scheduled for him, nor did he take any steps to arrange for one on his own.

In this regard, petitioner's reliance upon our holding in *Matter of DiCaprio v Trazskos* (203 AD2d 759) is misplaced, for that case is distinguishable. Unlike the officer in *DiCaprio*, petitioner was not prevented from replying to the adverse testimony (by, for example, referring to the examiner's file, which was fully available to him), nor was he precluded from arranging for a polygraph examination of himself, and using those results in whatever manner he deemed fit.

Petitioner's remaining arguments are equally meritless. The record reveals that the initial letter decision, although written and signed by the Supervisor alone, was intended to convey the decision reached by the entire Board after its independent review of the record (*see, Matter of Belsky v New York City Tr. Auth.*, 48 NY2d 908, 909-910). Moreover, while the Supervisor nominally preferred the charges against petitioner, his participation in the disciplinary process was not so pervasive as to require that he refrain from taking part in the Board's review of the Hearing Officer's decision (*see, Matter of Agugliaro v Commissioner of Dept. of Transp.*, 135 AD2d 711, *lv denied* 72 NY2d 801; *compare, Matter of Ernst v Saratoga County*, 234 AD2d 764, 767-768). Nor did petitioner present

any convincing evidence that the Board's determination was the product of bias or prejudice on the part of the Supervisor or any other Board member (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834).

Lastly, we are not persuaded that the Board's findings as to specifications 8 and 11 (1) are, as petitioner contends, without adequate basis in the record. Given the entire record, the Board was not unjustified in rejecting petitioner's denials with respect to the earlier incident and crediting the testimony of the other witnesses, which, aside from a few minor discrepancies, was essentially consistent. Even were we to reach a different conclusion respecting these charges, however, reversal of the penalty would not be warranted for the Board explicitly found—not unreasonably, in our view—that petitioner's actions in August 1995, alone, necessitated his termination from the police force.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.