■  In the Matter of JULIE LIBERMAN, Appellant, v NEENA KATLOWITZ, Respondent. [704 NYS2d 820] —In a proceeding pursuant to CPLR article 78 to compel inspection of corporate books and records, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated August 24, 1999, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition is reinstated.

The Supreme Court erred in concluding that the petitioner was unable to seek relief pursuant to CPLR article 78 (see, *Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450). O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.

■  In the Matter of FORTUNE MACRI, Petitioner, v EDWARD A. STOLZENBERG, Respondent. [704 NYS2d 820] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Edward A. Stolzenberg as Commissioner of the Department of Hospitals Westchester County, dated January 16, 1998, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner was guilty of misconduct, and imposing a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination that he was guilty of misconduct is supported by substantial evidence (see, CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Fabulous Steak House v New York State Liq. Auth.,* 186 AD2d 566, 567). Santucci, J. P., Altman, Luciano and Smith, JJ., concur.