■ In the Matter of KAREN DESTEFANO, Petitioner, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent. [809 NYS2d 203]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Cooperative Educational Services of Nassau County dated January 29, 2004, which adopted the recommendation and findings of a hearing officer dated January 13, 2004, made after a hearing, that the petitioner was guilty of misconduct, and terminated her employment.

Adjudged that the petition is granted, on the law and in the exercise of discretion, without costs or disbursements, to the extent that so much of the determination as imposed a penalty terminating the petitioner's employment is annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, the determination is otherwise confirmed, and the matter is remitted to the respondent for the imposition of an appropriate penalty less severe than termination of the petitioner's employment.

Contrary to the petitioner's contention, the determination that she was guilty of misconduct relating to her physical altercation with a coworker was supported by substantial evi-

dence (*see Matter of Maher v Cade*, 15 AD3d 489 [2005]; *Matter of Mann v Town of Monroe*, 2 AD3d 527 [2003]). However, inter alia, in light of her otherwise unblemished 14-year record of employment the penalty of termination of her employment was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). Accordingly, we grant the petition to the extent of annulling so much of the determination as imposed a penalty of termination of employment, and remit the matter to the respondent for the imposition of a penalty less severe than termination. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.