■ In the Matter of FENTON SENIOR, Petitioner, v BOARD OF EDUCATION OF THE BYRAM HILLS CENTRAL SCHOOL DISTRICT et al., Respondents. [829 NYS2d 707]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Byram Hills Central School District and the Byram Hills Central School District dated June 30, 2005, which adopted the finding of a hearing of-

ficer dated June 14, 2005, made after a hearing, that the petitioner was guilty of misconduct, and terminated his employment.

Adjudged that the petition is granted, on the law and on the facts, without costs or disbursements, to the extent that so much of the determination as imposed a penalty terminating the petitioner's employment is annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, the determination is otherwise confirmed, and the matter is remitted to the respondents for the imposition of an appropriate penalty less severe than the termination of the petitioner's employment.

Contrary to the petitioner's contention, the determination that he was guilty of misconduct relating to his physical altercation with a coworker was supported by substantial evidence (*see Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County,* 26 AD3d 433 [2006]; *Matter of Fernald v Johnson,* 305 AD2d 503 [2003]). However, the penalty of termination imposed was so disproportionate to the petitioner's conduct as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 233 [1974]). The respondents failed to give adequate consideration to certain mitigating factors. Among other things, the petitioner's four-year employment record was unblemished, and he performed good deeds in the community (*see Matter of Schnaars v Copiague Union Free School Dist.,* 275 AD2d 462 [2000]; *Matter of Goudy v Schaffer,* 24 AD3d 764 [2005]). Accordingly, we grant the petition to the extent of annulling so much of the determination as imposed a penalty of termination of employment, and we remit the matter to the respondents for the imposition of an appropriate penalty less severe than the termination of the petitioner's employment (*see Matter of DeStefano, supra*). Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.