■ In the Matter of KAREN DESTEFANO, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent. [857 NYS2d 173]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Cooperative Educational Services of Nassau County dated March 30, 2006, demoting the petitioner from her position as teacher's aide to that of school monitor, and awarding her back pay of only $35,927.05, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated November 20, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On January 29, 2004 the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES), adopting the recommendation and findings of a hearing officer who conducted a hearing pursuant to Civil Service Law § 75, found the petitioner, who was a teacher's aide, guilty of certain misconduct. BOCES terminated the petitioner's employment as a sanction for her misconduct. The petitioner then commenced a proceeding pursuant to CPLR article 78 to review the determinations of BOCES.

In a decision and judgment dated February 21, 2006, this Court, upon finding that the determination of BOCES that the petitioner was guilty of misconduct was supported by substantial evidence in the record (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]; CPLR 7803 [4]), upheld that determination (see *Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County*, 26 AD3d 433, 433-434 [2006]). However, upon finding that the sanction of dismissal was so disproportionate to the petitioner's misconduct as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]), this Court annulled the determination terminating the petitioner's employment, and remitted the matter to BOCES

for the imposition of an appropriate sanction less severe than termination (*see Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County,* 26 AD3d at 433-434).

In a letter to the petitioner dated March 30, 2006, BOCES advised the petitioner that it was demoting her to the position of school monitor. The "effective" date of the demotion was January 30, 2004, and BOCES enclosed a check for $35,927.05, representing back pay from that date. BOCES based the back pay on a school monitor's salary, which was less than a teacher's aide's salary.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review BOCES' determination, and the Supreme Court dismissed the proceeding. We affirm.

Contrary to the petitioner's contention, under the circumstances, the sanction imposed upon remittitur was not so disproportionate to the petitioner's misconduct as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 233). Accordingly, BOCES' determination to demote the petitioner to the position of school monitor should not be disturbed (*see Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775 [2004]; *Matter of DiPalma v Suardy,* 207 AD2d 397, 398 [1994]; *Matter of Roman v Allen,* 187 AD2d 598, 599 [1992]; *Richichi v Galligan,* 136 AD2d 616 [1988]; *Matter of Wahl v Lehman,* 67 AD2d 930 [1979]).

Furthermore, no basis exists for annulling the determination of BOCES to base the back pay award on a school monitor's salary as opposed to a teacher's aide's salary (*see* CPLR 7803 [3]). Contrary to the petitioner's contention, BOCES did not violate Civil Service Law § 77 in making this determination. The petitioner was not "removed from a position . . . in violation of the provisions of" the Civil Service Law "and . . . thereafter . . . restored to such position by" this Court's decision and judgment (Civil Service Law § 77; *Matter of Sassone v New York State Thruway Auth.,* 189 AD2d 86, 87-88 [1993]), which, as noted above, upheld BOCES' determination that the petitioner was guilty of misconduct, but remitted the matter to it for the imposition of a less severe sanction for that misconduct (*see Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County,* 26 AD3d at 433-434). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.