Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Pound Ridge Library District, dated September 26, 2016, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of charges of misconduct and incompetence, and terminated her employment as the Director of the Pound Ridge Library.
 

 Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of charges one, three, six, seven, eight, nine, ten, and eleven and specifications six, seven, eight, and nine of charge two is annulled, those charges and specifications are dismissed, the penalty imposed is vacated, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the Board of Trustees of the Pound Ridge Library District for a new consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter.
 

 The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Pound Ridge Library District (hereinafter the Board) adopting the findings of a Hearing Officer that the petitioner was guilty of certain charges of misconduct and incompetence, and terminating her employment. In an order dated April 3, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
 

 Contrary to the petitioner’s contention, the Board’s minutes reflecting a resolution to appoint the Hearing Officer and a letter addressed to the Hearing Officer on Pound Ridge Library letterhead and signed by the Board’s president, advising that the Hearing Officer had been designated to hold a hearing on the disciplinary charges preferred against the petitioner and on amendments or supplements to the charges as might thereafter be preferred, sufficiently documented the validity of the Hearing Officer’s appointment and satisfied the relevant provisions of Civil Service Law § 75 (2) (see Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany, 100 AD3d 1096, 1097-1098 [2012]; Matter of Perryman v Village of Saranac Lake, 64 AD3d 830, 832-833 [2009]; Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist., 61 AD3d 1259, 1259-1260 [2009]; Matter of Salley v Hempstead School Dist., 121 AD2d 547, 548 [1986]; see also Matter of Ost v Supervisor of Town of Woodstock, 251 AD2d 724, 726 [1998]).
 

 Civil Service Law § 75 (2) provides, inter alia, that in a case where a hearing officer is designated, he or she must “make a record of such hearing which shall, with his [or her] recommendations, be referred to [the officer or body having the power to remove the person against whom the charges were preferred] for review and decision.” Individuals “who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer and from acting on the charges” (Matter of Baker v Poughkeepsie City School Dist., 18 NY3d 714, 718 [2012] [internal quotation marks omitted]). However, “[involvement in the disciplinary process does not automatically require recusal” (id. at 717 [internal quotation marks omitted]; see Matter of Birch v County of Madison, 123 AD3d 1324, 1326 [2014]).
 

 Here, the Board members who reviewed the recommendations of the Hearing Officer and acted on the charges were not so personally or extensively involved in the disciplinary process so as to compel the conclusion that they could not fairly consider the evidence and recommendation resulting from the hearing and, thus, that their recusal was necessary (see Matter of Dolan v New Hyde Park Fire Dept., 137 AD3d 1026, 1028 [2016]; Matter of Birch v County of Madison, 123 AD3d at 1326-1327; cf. Matter of Baker v Poughkeepsie City School Dist., 18 NY3d at 716).
 

 Contrary to the petitioner’s contention, the Hearing Officer’s undisclosed participation in another matter involving the Board’s counsel did not compel the Hearing Officer’s disqualification (see Matter of Breton v Thompson, 200 AD2d 923, 923 [1994]; cf. Matter of Romeo v Union Free School Dist., No. 3, Town of Islip, 64 AD2d 664, 666 [1978]).
 

 The petitioner’s contention that the Board’s determination should be annulled because the Board made no independent review of the record lacks merit. The Board had an opportunity to review the record, transcripts, exhibits, and post-hearing memorandum, and the petitioner failed to make any clear showing that the Board did not make an independent appraisal and did not reach an independent conclusion (see Matter of Bruso v Clinton County, 139 AD3d 1169, 1171 [2016]; Matter of Perryman v Village of Saranac Lake, 64 AD3d at 835-836; Matter of McKinney v Bennett, 31 AD3d 860, 861 [2006]; Matter of Motell v Napolitano, 186 AD2d 989, 990 [1992]; see also Matter of Taub v Pirnie, 3 NY2d 188, 195 [1957]).
 

 A person holding a position covered by Civil Service Law §75 may not be removed or otherwise subjected to any disciplinary penalty except for incoxnpetency or misconduct shown after a hearing (see Civil Service Law § 75 [1]). In an employee disciplinary case, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to considering whether the determination was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974]; Matter of Sassi v City of Beacon, 145 AD3d 789, 790 [2016]; Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054 [2015]; Matter of Jeffery v Israel, 109 AD3d 543, 544 [2013]). Here, the Board’s determination that the petitioner was guilty of the misconduct and incompetence alleged in charges four and five and specifications three, four, and five of charge two was supported by substantial evidence. However, so much of the determination as found her guilty of charges one, three, six, seven, eight, nine, ten, and eleven and specifications six, seven, eight, and nine of charge two is not supported by substantial evidence. Moreover, the penalty of termination of the petitioner’s employment for the charges and specifications which were supported by substantial evidence is so disproportionate to the offense as to be shocking to one’s sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County, 26 AD3d 433, 433-434 [2006]).
 

 The petitioner’s remaining contention is without merit.
 

 Balkin, J.P., Austin, Sgroi and Brathwaite Nelson, JJ., concur.