Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist. (2022 NY Slip Op 02126)





Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist.


2022 NY Slip Op 02126


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-02141
 (Index No. 54527/18)

[*1]In the Matter of Marilyn Tinter, appellant,
v
Board of Trustees of the Pound Ridge Library District, et al., respondents.


Meyers Tersigni Feldman & Gray LLP, Purchase, NY (Anthony L. Tersigni and Andrea Tersigni of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (William M. Savino, Stephen J. Smirti, Jr., and M. Paul Gorfinkel of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Pound Ridge Library District dated February 6, 2018, which demoted the petitioner from her position as the Director of the Pound Ridge Library to the position of Librarian I, effective September 26, 2016, the petitioner appeals from a judgment of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated January 16, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Pound Ridge Library District (hereinafter the Board) dated September 26, 2016, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of certain charges of misconduct and incompetence, and terminated her employment as the Director of the Pound Ridge Library. In an order dated April 3, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). In a decision and judgment dated November 29, 2017, this Court, inter alia, granted the petition to the extent of annulling so much of the determination as found the petitioner guilty of certain charges and specifications, dismissed those charges and specifications, vacated the penalty imposed, and remitted the matter to the Board for a new consideration of the appropriate penalty to be imposed (see Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist., 155 AD3d 1054). Upon remittitur, at an executive meeting on December 3, 2017, the Board voted to impose the penalty of demotion to the position of Librarian I, effective September 26, 2016. Thereafter, on February 6, 2018, the Board voted to ratify its December 3, 2017 determination. The petitioner commenced this proceeding to review the Board's determination dated February 6, 2018, and the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
The petitioner's contention that the penalty imposed was unlawful since it was based on alleged misconduct with which she had not been charged and/or charges that were dismissed by this Court is without merit, as it based upon mere speculation and is otherwise not supported by the record. Moreover, contrary to the petitioner's contention, the record fails to raise any issues of fact material to the Board's determination which required a trial (see CPLR 7804[h]).
"An administrative penalty must be upheld unless it 'is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [alterations omitted], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237; see Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625). Here, this Court previously determined that substantial evidence supported the Board's determination that the petitioner was guilty of certain misconduct and incompetence relating to the petitioner's being untruthful in denying that she discussed an assessment report with members of the library staff; her failure accurately maintain certain records relating to hours worked, overtime, meal breaks, leave time, and personnel files; and her being untruthful with regard to the submission of certain work logs documenting one employee's off-site work (see Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist., 155 AD3d at 1057). This court also determined that so much of the determination as found the petitioner guilty of the remaining charges was not supported by substantial evidence and that the penalty of termination of the petitioner's employment for the charges and specifications which were supported by substantial evidence was so disproportionate to the offense as to be shocking to one's sense of fairness (see id.). Accordingly, this Court remitted the matter to the Board for a new consideration of the appropriate penalty to be imposed (see id.).
Under the circumstances presented, the penalty of demotion to the position of Librarian I, effective September 26, 2016—the date of the Board's original determination—is not so disproportionate to the offenses which this Court found to be supported by substantial evidence as to be shocking to one's sense of fairness (see Matter of Torrance v Stout, 9 NY3d 1022, 1023; Matter of Kreisler v New York City Tr. Auth., 2 NY3d at 776; Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County, 50 AD3d 898, 899). Moreover, contrary to the petitioner's contention, the Board did not violate Civil Service Law § 77 in imposing the penalty of demotion to the position of Librarian I, effective September 26, 2016, and in basing an award of back pay and benefits commensurate with the position of Librarian I from that date (see Matter of DeStefano v Board of Coop. Educ. Servs of Nassau County, 50 AD3d at 899).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court