Matter of Surat Realty v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 01930)

Matter of Surat Realty v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 01930

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-03420
 (Index No. 515290/19)

[*1]In the Matter of Surat Realty, appellant, 
v
New York State Division of Housing and Community Renewal, respondent.

Graubard Miller, New York, NY (Peter A. Schwartz and Joseph H. Lessem of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review five determinations of a Deputy Commissioner of the New York State Division of Housing and Community Renewal, each dated May 16, 2019, each of which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated April 9, 2018, or April 17, 2018, inter alia, directing a reduction in the amount of rent payable for certain rent-regulated apartments based on a decrease in services, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 22, 2021. The judgment denied the amended petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the amended petition is granted, the determinations dated May 16, 2019, are annulled, the determinations dated April 9, 2018, and April 17, 2018, are vacated, and the administrative complaints are dismissed.
Based upon the conclusion that certain tenants of the petitioner's building were receiving decreased services after a third party, unrelated to the petitioner, constructed a building on an adjacent vacant lot, which building obstructed the air and light from one or more of the windows in each of those tenants' apartments, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) issued five orders directing the reduction of the rent of those tenants. A Deputy Commissioner of the DHCR denied the petitioner's petitions for administrative review challenging the Rent Administrator's rent reduction orders. The petitioner then commenced the instant CPLR article 78 proceeding to review the Deputy Commissioner's determinations, contending that they were arbitrary and capricious, irrational, and affected by error of law. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioner appeals. The DHCR has not filed a brief.
In reviewing a determination of an administrative agency, it is not the role of the courts to disturb the fact-finding function of the agency. In a proceeding such as this one, the scope of judicial review of the exercise of discretion by the agency is limited to questions of law and to a determination as to whether there was a rational basis in the record upon which the agency based its determination (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 230-231). Here, the Deputy Commissioner's determinations were not rationally based on the record because the Deputy [*2]Commissioner failed to consider all of the facts before him in coming to the conclusion that a reduction of rent was warranted. Although the repair and maintenance of an apartment window may constitute a required service (see e.g. Matter of Rubin v Eimicke , 150 AD2d 697, 699), the rent reduction orders here were based upon the reduction of air and light through the windows due to the erection of an adjacent building and not due to the petitioner's failure to repair or maintain the windows. The Deputy Commissioner failed to consider the fact that it was the erection of the adjacent building that obstructed the air and light through the windows. The petitioner had no control over the erection of the adjacent building, in which it had no interest (see Matter of DeMartini v Eimicke , 158 AD2d 522, 522-523). Moreover, the petitioner has no ability to restore air and light to the windows. Accordingly, the determinations that the petitioner decreased services, warranting a rent reduction, were not supported by a rational basis in the record under these circumstances and cannot be sustained (see id. at 522-523).
In light of the foregoing, we need not reach the petitioner's remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court