■ In the Matter of ROBERT H. DOUGHERTY, Petitioner, v WILLIAM C. HENNESSY, as Commissioner of the Department of Transportation, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Transportation which dismissed petitioner from his position as Transportation Safety Director. On May 10, 1979, Esther Swanker accepted an appointment to the position of Assistant Commissioner for Manpower and Employee Relations with the Department of Transportation. In that position she headed four bureaus and was directly responsible to the Commissioner of Transportation. Almost immediately she began appraising the bureaus under her supervision. The petitioner headed one of those bureaus and over a period of several weeks was given numerous specific assignments by the assistant commissioner, the execution of which she felt was essential to the proper functioning of his bureau. When, after the passage of a reasonable time frame, they were not carried out, she became disenchanted with his performance, or lack thereof, and pursuant to section 75 of the Civil Service Law a general charge of incompetence with six specifications was made against him. Distilled down, the specifications accuse petitioner of not carrying out directions given in that he (1) failed to produce and circulate to department members a safety newsletter; (2) failed to prepare an audio-visual slide presentation on safety for use at regional meetings; (3) failed to develop and assign field duties for a new department safety employee; (4) failed to adequately investigate an accident which claimed the lives of three maintenance employees; (5) failed to insure that the dangers of a highly toxic chemical were brought to the attention of department personnel required to use it; (6) failed to prepare and implement a satisfactory plan for the evacuation of handicapped personnel in the department. After extensive hearings, the hearing officer found that the department had sustained its burden of proof as to the charge and all specifications and recommended that petitioner be terminated. His report and recommendation were, in all respects, adopted by the commissioner and the petitioner, contending that the department failed to sustain its burden and that the sanction imposed was arbitrary and capricious, now seeks to annul that determination. The briefs present a question as to whether the arbitrary and capricious standard or the substantial evidence rule is applicable to this review. However, we need not now determine that issue for the reason that rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 178; 1 NY Jur, Administrative Law, § 184). Perusal of this record demonstrates that petitioner consistently failed to carry out and satisfactorily complete the reason-

able directions of the assistant commissioner and neglected to keep her advised as to the reasons which prevented compliance through a follow-up report or other appropriate means. An example is found in the record concerning specification "five". The warnings and instructions concerning the use of the highly toxic chemical toluene were never called to the attention of the potentially affected employees and were not posted at all work sites as directed by the assistant commissioner with the result that management and its safety plans were publicly criticized. Regarding each specification, there was evidence that petitioner lacked initiative and leadership, seemed incapable of satisfactorily completing his assignments and failed to communicate his lack of accomplishment to his superior. Petitioner consistently attempted to absolve himself from blame by contending that he delegated the task to his assistant or another. This delegation, of course, did not relieve him of the obligation or the responsibility to see that the assignment was properly performed. Since the determination of the commissioner was a rational one, it must be confirmed. Regarding the issue of punishment we likewise conclude that the determination should be confirmed. Only if we are able to conclude that the penalty imposed " ' " "is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sence of fairness" ' " *(Matter of Pell v Board of Educ., supra,* p 233) may we disturb the penalty imposed. The importance of petitioner's position is obvious. The health and safety of many of the employees in the department were in no small measure subject to his competence, and any failure in the performance of the essential duties of the office was likely to endanger to some degree the health and safety of those employees. Under these circumstances, we cannot conclude that dismissal was so disproportionate as to be shocking to one's sense of fairness. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.