OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be modified by remitting the matter to Supreme Court, Suffolk *1016 County, for the purpose of determining back pay, if any, due petitioner, and, as so modified, affirmed, with costs to respondent.
There is substantial evidence to support the board’s determination sustaining the charges against petitioner of misconduct and incompetence. Furthermore, we agree with the Appellate Division that the sanction of dismissal is not excessive under the circumstances and does not constitute an abuse of discretion (see Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Short v Nassau County Civ. Serv. Comm., 45 NY2d 721).
Respondent concedes that petitioner is entitled to back pay for the period of his suspension exceeding 30 days, offset by earnings from other employment and unemployment benefits and by deductions for periods of delay for which petitioner is responsible (Civil Service Law, § 75, subd 3; Gerber v New York City Housing Auth., 42 NY2d 162, 164-165). Factual issues remain as to whether petitioner is responsible for any delay in the disposition of the charges and as to any earnings petitioner made from other employment or unemployment benefits, and a hearing is therefore necessary.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment modified, with costs to respondent, and matter remitted to Supreme Court, Suffolk County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.