■ In the Matter of GEORGE STROKES, Petitioner, v CITY OF ALBANY, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent finding petitioner guilty of misconduct and dismissing him from his employment. ¶ Pursuant to sections 75 and 76 of the Civil Service Law, petitioner was charged with misconduct in that, on May 18, 1981 and on every workday up to and including June 2, 1981, he refused a proper direction of his supervisor to drive truck No. 559. Petitioner filed an answer denying any misconduct. After a hearing, at which testimony of witnesses and petitioner was taken, the hearing officer concluded that petitioner intentionally disobeyed lawful orders of his superiors to drive and operate dump truck No. 559 on May 18, 1981 and every workday up to and including June 1, 1981, and that such refusal constituted misconduct in the form of insubordination. The hearing officer recommended that petitioner be dismissed from his employment with respondent as provided in subdivision 3 of section 75 of the Civil Service Law. Respondent, through its Commissioner of Public Works, adopted the findings and recommendation of the hearing

officer. Petitioner then commenced this CPLR article 78 proceeding to review the determination of the commissioner. Pursuant to CPLR 7804 (subd [g]), the proceeding was transferred to this court. ¶ Petitioner first contends that the determination must be reversed because the findings of the hearing officer are not supported by substantial evidence. In the alternative, he argues that the penalty of dismissal from his employment was excessive and that he should, therefore, be reinstated. We disagree. An examination of the record reveals that the findings and decision of the hearing officer are supported by substantial evidence. Additionally, the penalty imposed is not " ' ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' ." (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Consequently, respondent's determination should be confirmed and the petition dismissed (*Matter of Pell v Board of Educ., supra; Matter of Sowa v Looney,* 23 NY2d 329, 335-336; *Matter of Dougherty v Hennessy,* 82 AD2d 967). ¶ The evidence established that petitioner was employed by respondent's Department of Public Works as a "power shovel operator" (Equipment Operator III). He had worked in that department and in respondent's Water Department for a total of 18 years. On the 10 working days that fell between May 18, 1981 and June 1, 1981, he was assigned to drive a dump truck No. 559 at the city landfill. On each of those days, he refused to obey a direct order from his supervisor to operate the truck. Petitioner complained that he lacked a proper license to drive the assigned dump truck since he held a class 5 license, permitting him to operate a vehicle with a registered gross weight of up to 18,000 pounds. The dump truck involved weighed 8,800 pounds but, when fully loaded, it weighed over 18,000 pounds. Thus, petitioner claims that his refusals were justified. ¶ The hearing officer found as a fact that petitioner's refusals to obey the orders were not based on fear for his safety, and that he had the knowledge and capability to operate such a motor vehicle in a way that would not cause any substantial risk or danger to himself or others. The hearing officer further found that at least on May 18, 19, 20 and 21, petitioner was directed to drive an empty truck from the Manning Boulevard location to the landfill and return an empty truck to the Manning Boulevard location at the end of the workday. ¶ There was also evidence that petitioner was to operate the dump truck on the landfill site and not on a public highway, except to travel from the Manning Boulevard location to the landfill site and back. There were no public roadways on the landfill site. Petitioner testified that he operated dump trucks in his own excavation business for 20 years. He stated that he had owned and operated larger dump trucks than truck No. 559 in his private business. Based on all the evidence, the conclusions reached by the hearing officer are rational, including the issue of whether the orders to petitioner to operate dump truck No. 559 violated a 1974 agreement or stipulation entered into between representatives of petitioner and respondent's corporation counsel concerning what items of equipment petitioner could be assigned to operate. ¶ Turning to the propriety of the penalty imposed in this case, we note that unless it can be said that the dismissal was so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ., supra*), the penalty should not be disturbed. Considering all of the circumstances, including the fact that petitioner could have continued working and filed a grievance to protect his rights, we are unable to conclude that the dismissal was so disproportionate as to shock our sense of fairness. ¶ In view of our disposition of this matter in favor of respondent, we find it unnecessary to reach the issue of whether the doctrines of *res judicata* or collateral estoppel are applicable to certain issues in this case because of any arbitration decision adverse to petitioner. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.