■ In the Matter of WAYNE MILLER, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated March 30, 1984, which, after a hearing,

found the petitioner guilty of "Misconduct and or Incompetence" and dismissed him from his position as a bus operator.

Petition granted to the extent that the determination is modified, on the law, by adding thereto a provision that the petitioner is entitled to back pay for the period beginning 30 days after his suspension to the date of his dismissal (excluding any delay attributable to him) and excluding any sums he may have earned from other employment during that period, or from unemployment compensation *(see, Matter of Johnson v Board of Trustees,* 61 NY2d 1014; *Matter of O'Garro v Simpson,* 100 AD2d 907). As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to the respondent to determine the amount of back pay due to the petitioner, if any.

A review of the record demonstrates that substantial evidence supports the charges against the petitioner. Therefore, we must confirm the determination *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). In light of the petitioner's extensive history of prior disciplinary warnings, it cannot be said that the penalty imposed is so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ., supra).* As the petitioner may be entitled to back pay pursuant to Civil Service Law § 75 (3) *(see, Matter of Johnson v Board of Trustees, supra; Matter of Sinicropi v Bennett,* 60 NY2d 918), the matter is remitted to the respondent to determine the amount that is owed to him, if any. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.