■ In the Matter of JOHN W. LOGAN, Petitioner, v VILLAGE OF NEW PALTZ et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of the Village of New Paltz Board of Trustees which dismissed petitioner as Superintendent of Public Works pursuant to Civil Service Law § 75.

Respondent Mayor of the Village of New Paltz in Ulster County, pursuant to Civil Service Law § 75, preferred 19 misconduct charges against petitioner on February 8, 1985; petitioner was suspended the same day. A CPLR article 78 proceeding was thereafter commenced by petitioner, challenging his suspension, asserting that the Mayor lacked authority to bring charges against him and, in any event, that Public Officers Law § 36 was the exclusive means of removing a person holding petitioner's position. The petition was dismissed in its entirety and no appeal from that determination was perfected.

Hearings on the charges were then had, after which the Hearing Officer found petitioner guilty of six and a portion of a seventh charge and recommended that he be dismissed from his post. On October 15, 1985 the Village Board of Trustees unanimously adopted the Hearing Officer's report and recommendations. Four days later, the Board, after further reviewing the hearing transcript, adopted "supplemental findings" wherein it determined that the evidence was sufficient to find petitioner guilty of an additional eight charges. Petitioner then commenced the instant CPLR article 78 proceeding to annul the Board's determination and for reinstatement with back pay.

Although the Board had the right to issue independent findings, provided they were supported by substantial evidence

*(see, Matter of Johnson v Board of Trustees,* 61 NY2d 1014), we see no need to examine them. We limit our review to the charges upon which the Hearing Officer recommended dismissal. Those charges, which were established by credible and ample testimonial and documentary evidence, range from rude and abusive conduct toward citizens at large as well as fellow employees, to professional incompetence, and a pervasive departure from established village policies. This is to say nothing of petitioner's demonstrably poor judgment in allowing an unlicensed, uninsured minor to drive a village-owned pickup truck.

Parenthetically, with respect to charge 5 (e) which called petitioner to account for abusive conduct occurring in the course of an after-hours phone call made to a fellow employee to discuss village affairs, we note that a public employee may indeed be disciplined for off-duty misconduct *(see, Matter of Zazycki v City of Albany,* 94 AD2d 925, 926) and that an apology does not dispel the underlying wrong.

Although there is substantial record evidence to support the Hearing Officer's findings, we perceive no substance in petitioner's contentions that Public Officers Law § 36 is the exclusive procedural vehicle for his removal and that the instant charges were improperly brought against him by the Mayor. These issues were raised and rejected in the earlier article 78 proceeding from which, as already noted, no appeal was perfected; our consideration of them is accordingly foreclosed.

Nor is the punishment meted out—dismissal—shockingly unfair *(see, Matter of Strokes v City of Albany,* 101 AD2d 944). Individually the charges established may not appear to be serious; however, cumulatively they are grave in that they reflect irresponsibility, insubordination and abrasiveness toward village citizens and employees; they confirm the Hearing Officer's conclusion that petitioner "clearly lacks the leadership ability to continue in his position".

Lastly we note that the record is insufficiently developed to enable us to render a decision on petitioner's claim for back wages which allegedly accrued during his suspension *(see,* Civil Service Law § 75 [3]). The village claims that it paid petitioner his wages for all but the 30-day statutory period and any period of delay in determining the charges, which it attributes to petitioner's counsel. However, it is not at all clear from the record whose conduct in fact occasioned the delay. Remittal for the purpose of augmenting the record in this respect is therefore necessary.

Determination confirmed, without costs; that portion of the petition seeking wages during petitioner's suspension, pursuant to Civil Service Law § 75 (3), is remitted to the Hearing Officer for further proceedings not inconsistent herewith, and the remainder of the petition is dismissed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.