■ In the Matter of GERARD BLACK, Appellant, v BOARD OF FIRE COMMISSIONERS OF THE SEAFORD FIRE DISTRICT, Respondent. [595 NYS2d 692] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Fire Commissioners of the Seaford Fire District, dated August 16, 1990, which, after a hearing, suspended the petitioner from his position as a volunteer firefighter until January 1, 1991.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There was substantial evidence before the respondent Board of Fire Commissioners to support its conclusion that the petitioner had engaged in "misconduct", justifying his suspension under General Municipal Law § 209-l (see, Matter of Di Maria v Ross, 52 NY2d 771). The Board was authorized to suspend the petitioner for his misconduct notwithstanding that it occurred while he was off-duty and was not directly related to his activities with the Fire District (see, Matter of Logan v Village of New Paltz, 129 AD2d 935; Matter of Martelle v Margeson, 116 AD2d 989; Matter of Cromwell v Bates, 105 AD2d 699; Matter of Pisano v McKenna, 120 Misc 2d 536).

We have considered the petitioner's remaining contention

and find that it is without merit. Lawrence, J. P., Miller and Copertino, JJ., concur.

O'Brien, J., dissents and votes to annul the determination, on the law, and to dismiss the charge against the petitioner, with the following memorandum, in which Eiber, J., concurs. I disagree with my colleagues that there was substantial evidence before the Board of Fire Commissioners of the Seaford Fire District to justify the finding of misconduct. The complaint which formed the basis for the finding of misconduct was lodged by the petitioner's neighbor, Joan Bulone. The incident occurred early one morning as she drove along the street pulling down campaign posters for an impending local vote on a school budget issue. The petitioner, a volunteer firefighter who is employed as a bank examiner, observed this conduct and yelled "[W]hat the hell are you doing?" As Bulone jumped in her car and attempted to drive away, the petitioner banged on her car windows. The sum total of other evidence of misconduct was Bulone's allegation that she was frightened because she saw the petitioner on two other occasions in public areas of the town, even though she admitted that he never approached her. To label the petitioner's reaction to Bulone's wrongdoing as misconduct is unreasonable under the circumstances. Moreover, I find the imposition of a suspension which, after counting the interim suspension of the petitioner pending the hearing, amounted to over six months, " ' "shocking to one's sense of fairness" ' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233). Accordingly, I would annul the respondent's determination.