In the Matter of SETH LOWY, Appellant, v MACK L. CARTER, JR., et al., Respondents. [620 NYS2d 103] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Mack L. Carter, Jr., dated February 26, 1993, which, after a hearing, terminated the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered July 9, 1993, which, upon granting the respondent's motion to dismiss the petition, dismissed the petition.

Ordered the judgment is modified, on the law, by deleting the provision thereof which dismissed the petitioner's first cause of action and substituting therefor a provision granting the petition to the extent that the determination is annulled; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the County of Westchester for a new determination of the disciplinary charges against the petitioner, to be rendered by an impartial decision-maker.

It is settled that where a respondent filed charges and testified at the hearing as a matter of propriety and because of the personal involvement, the respondent should disqualify himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges *(see, Matter of Hicks v Fortier,* 117 AD2d 930; *Matter of Edgar v Dowling,* 96 AD2d 510; *Matter of Ortiz v Lesser,* 83 AD2d 663; *Sinicropi v Milone,* 80 AD2d 609; *Matter of Martin v Bates,* 65 AD2d 818).

Here, the respondent Mack L. Carter as Commissioner of Hospitals of the County of Westchester, preferred the charges against the petitioner and thereafter testified as a witness at the hearing. Prior to the preferral of the charges, the Commissioner had a discussion with another witness at the hearing concerning the conduct of the petitioner. By reviewing the Hearing Officer's recommendation and the hearing itself, the Commissioner was in a position of passing on his own credibility as a witness. Based on all the facts of the Commissioner's involvement, he should have disqualified himself and had another make the final determination. The petition is granted to the extent that the determination is annulled, and the matter is remitted to the Westchester County Medical Center for a *de novo* determination by any other duly qualified individual who may be designated. The determination should be based upon the original hearing and shall include written findings of fact showing the grounds for the determination *(see, Matter of Martin v Platt,* 191 AD2d 758; *Matter of Memmelaar v Straub,* 181 AD2d 980; *Sinicropi v Milone, supra).*

We have reviewed the petitioner's remaining contentions and find that they are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.