■ DARLENE Z. BISHOPP, Appellant, v VILLAGE OF SPRING VALLEY et al., Respondents. [624 NYS2d 618] —In an action to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered March 23, 1993, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for wrongful discharge from her position as Village Justice Court Clerk. Thereafter, the Village of Spring Valley and Mayor Joel Rosenthal moved to dismiss the complaint.

New York's firmly established employment-at-will doctrine is "that where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *see also, O'Reilly v Citibank,* 198 AD2d 270). Absent proof of a special agreement, the plaintiff's employment is presumed to be a hiring at will, terminable at any time by either party. Accordingly, the discharge of the plaintiff was proper unless otherwise limited by law.

The plaintiff contends that she was improperly discharged by the Village Mayor. This contention turns upon the claim that the provisions of the Town Law limit the Village Mayor's right to discharge a Village Justice Court Clerk and that she could only be discharged with the advice and consent of the Village Justice. The provisions of Village Law § 4-400 (1) (c) (ii) grant the Mayor the power to appoint a Village Justice Court Clerk upon the advice and consent of the Village Justice or Justices. The Village Law contains no explicit provision on the question of who holds the power to discharge the Village Justice Court Clerk, but the power expressly accorded to the Village Mayor to appoint and supervise employees carries with it the power to discharge them from employment (Village Law § 4-400 [1] [c] [ii]; [a]; 1990 Atty Gen [Inf Opns] 70; 1979 Atty Gen [Inf Opns] 177; 1977 Atty Gen [Inf Opns] 224; 1974 Atty Gen [Inf Opns] 204), subject only to such Civil Service protection as they may enjoy. The Mayor's power to remove

the Village Justice Court Clerk is not subject either to consent or approval by the Village Justice or Justices (cf., 1990 Atty Gen [Inf Opns] 70; 1979 Atty Gen [Inf Opns] 177; 1977 Atty Gen [Inf Opns] 224; 1974 Atty Gen [Inf Opns] 204).

The Town Law, on the other hand, provides that "[t]he clerk of the court of a town shall be employed *and discharged* from employment only upon the advice and consent of the town justice or justices" (Town Law § 20 [1] [a] [emphasis added]). We conclude that to apply the provisions of Town Law § 20 (1) (a) to govern the discharge of a Village Justice Court Clerk would impermissibly infringe on the Village's home rule powers (see, NY Const, art IX, § 2; *People ex rel. Metropolitan St. Ry. Co. v State Bd.*, 174 NY 417, *affd sub nom. Metropolitan St. Ry. Co. v New York,* 199 US 1). If the Legislature had intended to limit the right of a Mayor to discharge a Village Justice Court Clerk only upon the advice and consent of the Village Justice, it could easily have so provided, as it did in the language employed in Town Law § 20 (1) (a).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.