■ In the Matter of STEPHEN BRUNDAGE, Petitioner, v YONKERS PARKING AUTHORITY, Respondent. [631 NYS2d 883] —Proceeding pursuant to CPLR article 78 to review a determination of the Executive Director of the Yonkers Parking Authority, dated January 12, 1994, which confirmed the findings of a Hearing Officer, made after a hearing, finding the petitioner guilty of charges of misconduct, and terminated his employment with the Yonkers Parking Authority.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Yonkers Parking Authority for a new determination to be rendered by an impartial decision-maker.

The Executive Director should have disqualified himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges because of his personal involvement with the case *(see, Matter of Lowy v Carter,* 210 AD2d 408; *Matter of Cafaro v Pedersen,* 123 AD2d 860; *Matter of O'Reilly v Pisani,* 79 AD2d 973). The Executive Director was present during one of the alleged incidents, was involved in the initial investigation, preferred the charges and appointed the Hearing Officer. Based on all the facts of the Executive Director's involvement, he should have disqualified himself and appointed another individual to make the final determination. Therefore, the petition is granted, the determination is annulled, and the matter is remitted to the Yonkers Parking Authority for a de novo determination by any other duly qualified individual who may be designated. The determination should be based upon the original hearing and shall include written findings of fact showing the grounds for the determination *(see, Matter of Lowy v Carter, supra; Matter of Martin v Platt,* 191 AD2d 758; *Matter of Memmelaar v Straub,* 181 AD2d 980). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.