■ In the Matter of Denis M. Pryor, Petitioner, v John R. O'Donnell et al., Respondents. [693 NYS2d 187] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Suffolk County Labor Department, dated June 16, 1997, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of misconduct, insubordination, and job abandonment, and terminated his employment as a labor specialist.

Adjudged that the petition is granted to the extent that the determination is annulled, on the law, without costs or disbursements, the petition is otherwise denied, and the matter is remitted to the Suffolk County Department of Labor for a new determination of the charges against the petitioner and the amount of wages improperly withheld from the petitioner prior to his suspension on January 22, 1997, to be rendered by an impartial decision-maker in accordance herewith.

The Commissioner of the Suffolk County Department of Labor (hereinafter the Commissioner) should have disqualified himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges because of his personal involvement with the case (*see, Matter of Brundage v Yonkers Parking Auth.,* 220 AD2d 411; *see also, Matter of Lowy v Carter,* 210 AD2d 408). The Commissioner was involved in the initial investigation, preferred the charges, and testified at the

hearing. Accordingly, the determination is annulled and the matter is remitted to the Suffolk County Department of Labor for a new determination by an impartial decision-maker. The determination should be based upon the original hearing and shall include written findings of fact showing the grounds for the determination (*see, Matter of Lowy v Carter, supra; Matter of Martin v Platt,* 191 AD2d 758; *Matter of Memmelaar v Straub,* 181 AD2d 980).

Additionally, the respondents improperly withheld the petitioner's pay checks prior to his suspension on January 22, 1997, without statutory authorization (*see,* Civil Service Law § 75 [3]; *Matter of Winter v Board of Educ.,* 79 NY2d 1). Accordingly, a hearing is necessary to determine what amount the petitioner is owed prior to his suspension on January 22, 1997. However, the petitioner's numerous requests for adjournments of the hearing impeded the administrative process, and the petitioner is deemed to have abandoned his claim for back pay after January 22, 1997 (*see, Gerber v New York City Hous. Auth.,* 42 NY2d 162).

The petitioner's remaining contentions are without merit. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.