■ In the Matter of MICHAEL CLINCH, Petitioner, v TOWN OF HYDE PARK et al., Respondents. [716 NYS2d 706] —Proceeding

pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Hyde Park, dated August 3, 1999, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of, *inter alia*, misconduct, and terminated his employment as Chief of Police of the Town of Hyde Park Police Department.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to respondents for the calculation of back pay and benefits to which the petitioner may be entitled.

In 1998 the Town Board of the Town of Hyde Park (hereinafter the Board) voted to prefer charges against the petitioner, the former Chief of Police of the Town of Hyde Park for, *inter alia*, soliciting the erasure of certain tapes of routinely recorded incoming telephone calls to the Town of Hyde Park Police Department. At the subsequent disciplinary hearing, all members of the Board gave testimony. Thereafter, the entire Board, with the exception of the Town Supervisor who abstained from the vote, passed a resolution accepting the Hearing Officer's findings of fact, the conclusion that the petitioner was guilty of misconduct, and the recommendation that he be terminated from his employment.

Town Law § 155 provides, in relevant part, that "no person who shall have preferred such charges or any part of the same shall sit as judge upon such hearing or trial." Thus, pursuant to this statute, the members of the Board were barred from voting on the Hearing Officer's findings of fact, conclusions, and recommendation since they had previously voted to prefer the charges. Moreover, all of the members of the Board testified in some capacity at the disciplinary hearing. Thus, by reviewing the Hearing Officer's recommendation and the hearing itself, the Town Board was in a position of passing upon their own credibility as witnesses. Under such circumstances, the entire Board, and not just the Supervisor alone, should have disqualified themselves from considering the Hearing Officer's recommendations (*see, Matter of Lowy v Carter,* 210 AD2d 408). Accordingly, the determination that the petitioner is guilty of, *inter alia,* misconduct and to terminate his employment is annulled. In view of the fact that the petitioner has retired, we deem it unnecessary to remit the matter for a new hearing before a different panel.

In light of the foregoing, we need not reach the petitioner's remaining contentions. Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.