■ In the Matter of JOSEPH CORREIA, Respondent, v INCORPORATED VILLAGE OF NORTHPORT et al., Appellants. [785 NYS2d 483]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees for the Incorporated Village of Northport dated March 5, 2002, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of charges of misconduct, and terminated his employment with the Incorporated Village of Northport, the Incorporated Village of Northport and the Board of Trustees for the Incorporated Village of Northport appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated July 14, 2003, which granted the petition to the extent of annulling the determination and remitting the matter to the Incorporated Village of Northport and the Board of Trustees for the Incorporated Village of Northport for a de novo determination made upon the original hearing record by impartial persons designated by the Board of Trustees of the Incorporated Village of Northport who were not involved in the hearing of the disciplinary charges against the petitioner.

Ordered that the judgment is modified, on the law, by delet-

ing from the first decretal paragraph thereof the phrase "by impartial persons designated by the respondent Board of Trustees of the Incorporated Village of Northport who were not involved" and substituting therefor the phrase "by an impartial person designated by the Mayor of the Incorporated Village of Northport who was not involved"; as so modified, the judgment is affirmed, with costs.

The Mayor of the Incorporated Village of Northport (hereinafter the Mayor) and the voting members of the Board of Trustees for the Incorporated Village of Northport (hereinafter the Board of Trustees) should have disqualified themselves from reviewing the recommendation of the Hearing Officer and acting on any of the charges, which resulted in the petitioner's dismissal, because of their personal involvement in the case (*see Matter of Pryor v O'Donnell*, 262 AD2d 648 [1999]; *Matter of Brundage v Yonkers Parking Auth.*, 220 AD2d 411 [1995]; *Matter of Lowy v Carter*, 210 AD2d 408, 409 [1994]). The Mayor and the voting members of the Board of Trustees preferred the charges against the petitioner and thereafter testified as witnesses at the hearing. By reviewing the Hearing Officer's recommendation and the hearing itself, the Mayor and the voting members of the Board of Trustees were in a position of passing on their own credibility.

Contrary to the contentions of the Incorporated Village of Northport (hereinafter the Village) and the Board of Trustees, the "rule of necessity" did not require the Mayor and the voting members of the Board of Trustees to render the final determination, because there was a procedurally permissible course of action which the Mayor could have taken which would have permitted an unbiased individual to review the determination of the Hearing Officer. Pursuant to Civil Service Law § 75 (2), the Hearing Officer was required to refer his recommendations to the officer or body having the power to remove the person against whom the charges are preferred for review or decision. Pursuant to Village Law § 4-400 (1) (c) (i), the Mayor, subject to the approval of the Board of Trustees, is designated to appoint officers and employees. Pursuant to that same statutory provision, the Mayor may delegate the power to appoint certain employees to other village officers or employees. Although the Village Law contains no explicit provision regarding the authority to discharge employees, the power to appoint officers and employees carries with it the power to discharge employees (*see Bishopp v Village of Spring Val.*, 213 AD2d 441 [1995]). Thus, the Mayor, without the consent of the Board of Trustees, had the power to discharge the petitioner (*see Bishopp v Village of*

*Spring Val., supra;* 1974 Op Atty Gen [Inf] 204), and she had the authority to delegate that power.

Since the "rule of necessity" is not applicable here, the matter was properly remitted to the Village for a de novo determination upon the original hearing record by a designated impartial individual (*see Matter of Pryor v O'Donnell, supra; Matter of Brundage v Yonkers Parking Auth., supra; Matter of Lowy v Carter, supra*). However, we note that it is the Mayor alone, not the Village or the Board of Trustees, who has the authority to designate an impartial individual to make the determination.

In light of our determination, we do not reach the remaining contentions. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.