■ In the Matter of Joseph Correia, Petitioner, v Incorporated Village of Northport et al., Respondents. [806 NYS2d 438]—

Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees for the Incorporated Village of Northport dated October 2, 2003, which adopted a finding of three designated trustees, made after a de novo review of the petitioner's disciplinary hearing, that the petitioner was guilty of misconduct, and terminated his employment with the Incorporated Village of Northport.

Adjudged that the petition is granted, on the law, with costs, to the extent that the determination is annulled, the petition is otherwise denied, and the matter is remitted to the Incorporated Village of Northport and the Board of Trustees for the Incorporated Village of Northport for a de novo determination made upon the original hearing record by an impartial person designated by the Mayor of the Incorporated Village of Northport who was not involved in the hearing of the disciplinary charges against the petitioner.

Since the Board of Trustees for the Incorporated Village of Northport (hereinafter the Board of Trustees), not the Mayor of the Incorporated Village of Northport (hereinafter the Village), designated the individuals to make a de novo determination upon the original hearing record, the Board of Trustees failed to comply with this Court's prior directive as well as the rule of law as set forth in *Matter of Correia v Incorporated Vil. of Northport* (12 AD3d 599 [2004]). Accordingly, we once again remit the matter to the Village and the Board of Trustees for a de novo determination made upon the original hearing record by an impartial person designated by the Mayor of the Village who was not involved in the hearing of the disciplinary charges against the petitioner.

In light of our determination, we do not reach the petitioner's remaining contentions. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.