■ In the Matter of PHILLIP NICOLETTI, Petitioner, v ROBERT A. MEYER, as Commissioner of Public Works for the County of Sullivan, et al., Respondents. [838 NYS2d 453]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Public Works which terminated petitioner's employment with respondent County of Sullivan.

In May 2005, several disciplinary charges were brought against petitioner, the Deputy Commissioner and Director of Operations of the Sullivan County Division of Public Works, stemming from allegations that he unlawfully entered certain county offices and photocopied confidential documents, that he used county purchase requisitions to obtain property for himself and that he pressured a county legislator to stop a then ongoing investigation into the alleged improprieties within the Division of Public Works. A Hearing Officer was appointed to preside over the matter* and a disciplinary hearing ensued during the course of which respondent Robert A. Meyer (who in the interim had been named the Commissioner of Public Works) and his wife testified. The Hearing Officer found petitioner guilty of three charges of misconduct and recommended his termination. Meyer then issued a final determination finding petitioner guilty of four charges of misconduct and terminating his employment. Petitioner commenced this CPLR article 78 proceeding challenging Meyer's determination, which has been transferred to this Court.

We are constrained to agree with petitioner's contention that Meyer should have recused himself from reviewing the Hearing Officer's recommendations and rendering a final determination since both he and his wife were witnesses at the disciplinary

---

* The supplemental record on review submitted by petitioner's attorney contains a May 24, 2005 written designation of authority to the Hearing Officer. Thus, petitioner's argument that the absence of a written designation mandates annulment of the determination is patently without merit.

hearing (*see Matter of Ernst v Saratoga County*, 234 AD2d 764, 767-768 [1996]). We therefore remit the matter simply for a de novo determination by a duly-qualified designee based on the same hearing record and the same Hearing Officer recommendation (*see Matter of Lowy v Carter*, 210 AD2d 408, 409 [1994]; *Matter of Hicks v Fortier*, 117 AD2d 930, 930-931 [1986]; *Matter of Edgar v Dowling*, 96 AD2d 510, 510-511 [1983]; *Matter of Ortiz v Lesser*, 83 AD2d 663, 664 [1981]; *see also Matter of Ernst v Saratoga County, supra*). We reach no other issue (*see Matter of Hicks v Fortier, supra* at 931).

Mercure, J.P., Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, on the law, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.