In the Matter of JEFFREY BAKER, Appellant, v POUGHKEEP-SIE CITY SCHOOL DISTRICT et al., Respondents. [900 NYS2d 466]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Poughkeepsie City School District, dated October 22, 2008, which adopted the findings and recommendations of a hearing officer, made after a hearing, finding the petitioner guilty of eight charges of misconduct and/or incompetence, and terminated his employment.

Adjudged that the petition is granted, the determination is annulled, with costs, and the matter is remitted to the respondent Board of Education of the Poughkeepsie City School District, excluding the members of the Board of Education of the Poughkeepsie City School District who testified at the disciplinary hearing, for a review of the findings and recommendations of the hearing officer and a determination of the amount of back pay and benefits owed to the petitioner, if any, and for a new determination thereafter.

In July 2007 the Superintendent of Schools of the Poughkeepsie City School District preferred eight charges of misconduct and/or incompetence pursuant to Civil Service Law § 75 against the petitioner, who was employed by the Poughkeepsie City School District as its Business Manager. A hearing officer was appointed by the Board of Education of the Poughkeepsie City School District (hereinafter the Board) to preside over the matter. During the disciplinary hearing, two members of the Board testified. The hearing officer found the petitioner guilty of all charges and recommended his termination. Thereafter, all members of the Board, including the members who had testified at the disciplinary hearing, issued a final determination adopt-

ing the hearing officer's findings and recommendations, and terminating the petitioner's employment. The petitioner commenced this CPLR article 78 proceeding challenging the Board's determination, which has been transferred to this Court.

Due to their personal involvement in the matter, the two members of the Board who testified at the disciplinary hearing should have disqualified themselves from reviewing the recommendation of the hearing officer and acting on any of the charges (*see Matter of Nicoletti v Meyer*, 42 AD3d 722, 722-723 [2007]; *Matter of Correia v Incorporated Vil. of Northport*, 12 AD3d 599, 600 [2004]; *Matter of Clinch v Town of Hyde Park*, 277 AD2d 451, 452 [2000]; *Matter of Pryor v O'Donnell*, 262 AD2d 648, 648-649 [1999]). Additionally, the petitioner is entitled to back pay and benefits, even if the proceedings against him eventually lead to termination of his employment (*see Matter of Gomez v Stout*, 13 NY3d 182, 188 [2009]; *Matter of Sinicropi v Bennett*, 60 NY2d 918, 920 [1983]; *Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385 [1983]). Accordingly, we grant the petition, annul the determination, and remit the matter to the Board, excluding the members of the Board who testified at the disciplinary hearing, for a review of the findings and recommendations of the hearing officer and a determination of the amount of back pay and benefits owed to the petitioner, if any, and for a new determination thereafter.

The petitioner's remaining contentions are without merit. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.