[968 NE2d 943, 945 NYS2d 589]

In the Matter of JEFFREY BAKER, Respondent, v POUGHKEEPSIE CITY SCHOOL DISTRICT et al., Appellants.

Argued February 15, 2012; decided March 22, 2012

**POINTS OF COUNSEL**

*Shaw, Perelson, May & Lambert, LLP*, Poughkeepsie (*Beth L. Sims* and *Mark C. Rushfield* of counsel), for appellants. Neither the testimony of Board Member Ellen Staino nor that of Board Member Raymond Duncan required that either be disqualified from voting to adopt the hearing officer's findings and termination recommendation and the lower court erred in applying a per se testimonial disqualification rule as a basis for vacating the Board of Education's decision to adopt the hearing officer's recommendations. (*Matter of Sassone v New York State Thruway Auth.*, 171 AD2d 308; *Matter of Elliott v Arlington Cent. School Dist.*, 143 AD2d 662; *Duke v North Tex. State Univ.*, 469 F2d 829; *Matter of Young v Board of Educ. of Baldwin Union Free School Dist.*, 100 AD2d 515; *Matter of Wilson v City of White Plains*, 277 AD2d 244; *Matter of Donlon v Mills*, 260 AD2d 971; *Matter of Ernst v Saratoga County*, 234 AD2d 764; *Matter of Reed v Town of Huntington*, 186 AD2d 745; *Matter of Major v Board of Regents of Univ. of State of N.Y.*, 160 AD2d 1041; *Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158.)

*Drita Nicaj*, LaGrangeville, and *Law Office of Jonathan Lovett*, Hawthorne, for respondent. Since Ellen Staino and Raymond Duncan testified during the disciplinary hearing, both were required to recuse themselves; as neither did so, the Appellate Division properly annulled the Board of Education's

determination. (*Matter of Gomez v Stout*, 13 NY3d 182; *Matter of Simpson v Wolansky*, 38 NY2d 391; *Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 454 US 1125; *Matter of Heisler v Scappaticci*, 81 AD3d 954; *Matter of Canna v Town of Amherst*, 55 AD3d 1269; *Matter of Marandino v Westchester Country Club, Inc.*, 33 AD3d 800; *Matter of Ferraro v State of N.Y. Racing & Wagering Bd., Div. of Thoroughbred*, 284 AD2d 949; *Matter of Schindlar v Incorporated Vil. of Lloyd Harbor*, 261 AD2d 626; *Matter of Donlon v Mills*, 260 AD2d 971; *Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158.)

*Jay Worona*, Latham, and *Patricia H. Gould*, for New York State School Boards Association, Inc., amicus curiae. I. The decision of the court below erroneously creates a per se disqualification that prevents school board members called to testify in a school employee's disciplinary hearing from exercising their statutory responsibility over staff disciplinary matters. (*Matter of Cook v Griffin*, 47 AD2d 23; *Matter of Melendez v Board of Educ. of Yonkers City School Dist.*, 34 AD3d 814; *Matter of McComb v Reasoner*, 29 AD3d 795; *Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist.*, 61 AD3d 1259; *Matter of Payton v Buffalo City School Dist.*, 299 AD2d 825; *Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385; *Matter of Gomez v Stout*, 13 NY3d 182; *Matter of Morgenthau v Cooke*, 56 NY2d 24; *Matter of Martin v Platt*, 191 AD2d 758, 82 NY2d 652; *Vesely v Town of New Windsor*, 90 AD2d 770.) II. The decision of the court below is counter to the public policy of this state to impose on school boards the duty and responsibility for disciplining and terminating school employees who are incompetent or engage in misconduct. (*Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 95 NY2d 556; *Oakes v Muka*, 56 AD3d 1057.)

### OPINION OF THE COURT

JONES, J.

In this appeal, we are called upon to determine whether persons who have testified in a Civil Service Law § 75 disciplinary hearing are required to disqualify themselves from subsequently acting upon any of the charges related to that hearing. We hold that, because the testimony of the testifying witnesses, concerning the charges levied pursuant to section 75, rendered them personally involved in the disciplinary process, disqualification is necessary.

In July 2007, pursuant to Civil Service Law § 75, the Superintendent of Schools of the Poughkeepsie City School District preferred eight charges of "misconduct and/or incompetence" against petitioner Jeffrey Baker, then Business Manager of respondent Poughkeepsie City School District. The charges alleged, among other things, that petitioner (1) made errors in calculating the former superintendent's gross pay and producing a preliminary budget document; (2) failed to make a required non-elective employer contribution and secure a disability insurance policy; and (3) failed to follow certain directives and competitive bidding procedures. Charge I specifically stated that Mr. Baker failed to follow prior directives from his supervisor when he spoke with Ellen Staino, the Board of Education President of the Poughkeepsie City School District, "in an attempt to gain her support for his candidate of choice for District Treasurer and for a restructuring of Business Office staff positions."

The Board of Education appointed a hearing officer to preside over the disciplinary action. During the hearing, Ellen Staino and another Board Member, Raymond Duncan, testified. The School District called Ms. Staino to testify in support of the first charge. Mr. Duncan, who discovered an error made by the petitioner in calculating the District's budget, testified about his personal knowledge concerning certain documents at issue during the hearing and information provided to him by petitioner's supervisor.

The hearing officer reported to the Board his findings and recommended that Mr. Baker be found guilty of the eight charges and that his services be terminated. The Board, including Ms. Staino and Mr. Duncan, adopted the findings and recommendations, and terminated Mr. Baker's employment. Mr. Baker, challenging the Board's determination, commenced this CPLR article 78 proceeding.

Upon transfer to the Appellate Division, the court "grant[ed] the petition, annul[led] the determination, and remit[ted] the matter to the Board, excluding the members of the Board who testified at the disciplinary hearing, for a review of the findings and recommendations of the hearing officer" (73 AD3d 916, 917 [2010]). This Court granted respondents School District and Board of Education leave to appeal from the Appellate Division order (16 NY3d 706 [2011]), and we now affirm.

Although "[i]nvolvement in the disciplinary process does not automatically require recusal," we recognize that individuals

"who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer and from acting on the charges" (*Matter of Ernst v Saratoga County*, 234 AD2d 764, 767 [3d Dept 1996] [citations omitted]). Thus, where a witness is testifying during a disciplinary hearing concerning charges levied against an individual, disqualifying himself or herself from reviewing the recommendations of the hearing officer and rendering a final determination is appropriate (*see Matter of Nicoletti v Meyer*, 42 AD3d 722 [3d Dept 2007]; *see also Matter of Lowy v Carter*, 210 AD2d 408, 409 [2d Dept 1994] [a testifying witness reviewing recommendations and acting upon the charges permits that person to pass upon his or her "own credibility as a witness"]; *Matter of Hicks v Fortier*, 117 AD2d 930 [3d Dept 1986]).

Not all testimony will require disqualification. It is only required where the testimony of the official directly supports or negates the establishment of the charges preferred. Such testimony renders the decision-maker personally involved in the disciplinary process and partial. Nevertheless, we observe that disqualification, in a section 75 proceeding, is inappropriate where such person is necessary to effectuate a decision (*see Matter of McComb v Reasoner*, 29 AD3d 795, 800 [2d Dept 2006] [the rule of necessity]; *see generally Matter of General Motors Corp.—Delco Prods. Div. v Rosa*, 82 NY2d 183 [1993]).

Here, Ms. Staino was extensively involved in the disciplinary process given that petitioner's communication with her was the basis for charge I. Moreover, she was called to testify for the purpose of sustaining that charge. Mr. Duncan brought to the attention of petitioner's supervisor a discrepancy in a budget prepared by petitioner, which subsequently was included in the charges preferred against petitioner. Likewise, Mr. Duncan's testimony concerning his knowledge of relevant documents that were at issue and certain communications with petitioner's supervisor regarding petitioner's performance demonstrated his personal involvement in the disciplinary process. Moreover, neither of their votes were needed to take disciplinary action. Thus, the Appellate Division properly granted the petition, annulling the determination and remitting the matter to be decided without the testifying board members.

Accordingly, the Appellate Division order should be affirmed, with costs.

Pigott, J. (dissenting). Because in my view Ms. Staino and Mr. Duncan were not required to disqualify themselves from rendering a determination on the hearing officer's recommendation, I respectfully dissent. Unlike the Appellate Division, the majority does not create a per se rule of disqualification, but given the breadth of its determination in light of the facts of this case, it may as well have done so, because there was no reason for the disqualification of these individuals given the substance of their respective testimony.

It is undisputed that Ms. Staino testified at the hearing relative to one of the pertinent counts, namely, whether Mr. Baker

"failed to follow the prior verbal and/or written directives of his supervisor [School Superintendent] Dr. Laval Wilson when he spoke with Board of Education President, Ellen Staino, in an attempt to gain her support for his candidate of choice for District Treasurer and for a restructuring of Business Office staff positions."

The majority correctly states that Mr. Baker's communication with Ms. Staino was the basis for that charge (majority op at 718), but neglects the salient fact that Mr. Baker conceded at the hearing that Ms. Staino's testimony that formed the basis for that charge was *true*. Thus, unlike the situation in *Matter of Lowy v Carter* (210 AD2d 408 [2d Dept 1994]), Ms. Staino's credibility was never in doubt.

Nor can it reasonably be said that Ms. Staino was "personally or extensively involved" in the disciplinary process such that she should have disqualified herself from reviewing the hearing officer's recommendations (majority op at 717-718). The cases cited by the majority for that proposition involve situations where the individual testifying against the employee either actually preferred the charges (*see Matter of Ernst v Saratoga County*, 234 AD2d 764 [3d Dept 1996] [witness preferred the charges, appointed the hearing officer and voted to sustain hearing officer's findings of fact and recommendation]; *Matter of Lowy*, 210 AD2d at 409 [witness preferred charges and testified]; *Matter of Hicks v Fortier*, 117 AD2d 930 [3d Dept 1986] [witness preferred the charges, testified at the hearing and rendered the final determination]) or issued the final determination finding the employee guilty of the misconduct (*see Matter of Nicoletti v Meyer*, 42 AD3d 722, 722 [3d Dept 2007] [supervisor and wife testified against employee at hearing and, after hearing officer found employee guilty of three counts of

misconduct, the supervisor "issued a final determination finding (employee) guilty of *four* charges of misconduct and terminat(ed) his employment"] [emphasis added]).

Here, there was no such "personal and extensive involvement" on the part of Ms. Staino. The Superintendent, not Ms. Staino, preferred the charges against Mr. Baker, and Ms. Staino was not the sole arbiter of whether the hearing officer's determination should have been confirmed, nor was her testimony at all contradicted by Mr. Baker.

Less problematic is the testimony of Mr. Duncan, who was called as a witness by Mr. Baker. As the majority points out, Mr. Duncan did in fact uncover the budgetary errors that led to certain of the charges (majority op at 718), i.e., the claim that Mr. Baker "produced a preliminary budget document with significant errors." However, the majority ignores the fact that Mr. Duncan did not offer any testimony on that issue, nor does it mention that Mr. Baker conceded at the hearing that the preliminary budget did, in fact, contain significant errors which were carried through to successive budgets. Mr. Duncan's testimony relative to the budget documents was limited to the fact that, as a board member, he often reviewed such documents in the ordinary course of his duties. So there was no reason for his disqualification, either, since Mr. Duncan's credibility was not an issue—there was no dispute that there were budgetary errors—and no indication that he was otherwise biased.

In response to the Appellate Division's directive that the matter be remitted for a decision without the participation of Ms. Staino and Mr. Duncan, the school board did that and voted to terminate Mr. Baker for cause. All our decision will mean is, notwithstanding the fact that Mr. Baker never challenged the testimony proffered against him, Mr. Baker will nonetheless recover back pay to which, by all accounts, he is not entitled.

But the majority's opinion today has consequences that extend beyond this case. There is nothing to prevent industrious attorneys for employer and employee alike from subpoenaing pertinent members of the governing boards to proffer testimony on matters tangential to the issues, thereby obtaining disqualification of members who they expect to vote counter to the interests of their clients, or at the very least, engaging in a contest of this nature, buying valuable back pay considerations as the matter is litigated—precisely what Civil Service Law § 75 was designed to avoid. Therefore, I would reverse the order of the Appellate Division.

Chief Judge Lippman and Judges Ciparick and Graffeo concur with Judge Jones; Judge Pigott dissents and votes to reverse in a separate opinion in which Judges Read and Smith concur.

Order affirmed, with costs.