In the Matter of VICTOR ASHE, Petitioner, v TOWN BOARD OF THE TOWN OF CROWN POINT, NEW YORK, Respondent. [949 NYS2d 238]—

Lahtinen, J.

Respondent brought a disciplinary charge pursuant to Civil Service Law § 75 against petitioner based upon his alleged refusal to submit to a random drug test. A hearing officer was not appointed and, instead, the hearing was conducted in front of the members of respondent. At the hearing, the Town Supervisor was the primary person to present proof in support of the charge. After posthearing efforts to resolve the matter failed, respondent eventually determined by a divided vote that petitioner was guilty of misconduct and should be terminated from his employment. The Town Supervisor participated in the vote on the charge and penalty, voting in favor of the prevailing determination. Petitioner commenced this CPLR article 78 proceeding, which Supreme Court transferred to this Court.

"Although '[i]nvolvement in the disciplinary process does not automatically require recusal,' . . . individuals 'who are person-

ally or extensively involved in the disciplinary process should disqualify themselves from . . . acting on the charges' " (*Matter of Baker v Poughkeepsie City School Dist.*, 18 NY3d 714, 717-718 [2012], quoting *Matter of Ernst v Saratoga County*, 234 AD2d 764, 767 [1996]). At the hearing, the Town Supervisor was extensively involved as she presented virtually all of the proof in support of the charge. Under such circumstances, it was inappropriate for the Town Supervisor not to disqualify herself from voting on the final determination.

Respondent's contention that petitioner failed to preserve this issue for review by not objecting at the hearing is unavailing. While an objection to a particular hearing officer generally must be timely asserted at the hearing to preserve the issue (*see Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1276 [2008], *lv denied* 13 NY3d 709 [2009]), it is incumbent upon a person who has been extensively involved in the disciplinary process to "disqualify[ ] himself or herself from [involvement in] rendering a final determination" (*Matter of Baker v Poughkeepsie City School Dist.*, 18 NY3d at 718; *see Matter of Nicoletti v Meyer*, 42 AD3d 722, 722-723 [2007]). The Town Supervisor was extensively involved in the disciplinary proceeding and she should have thus recused herself from participating in the determination. The determination therefore must be annulled and the matter remitted to respondent for a de novo determination based on the record (*see Matter of Ernst v Saratoga County*, 234 AD2d at 768; *Matter of Brundage v Yonkers Parking Auth.*, 220 AD2d 411, 411 [1995]).*

Petitioner's remaining arguments are academic.

Peters, P.J., Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

---

* Since it appears that respondent considered events occurring after the misconduct alleged in the charges and the hearing, we also note that respondent's determination should be based on the charges and the hearing conducted on those charges.