■ In the Matter of MICHAEL DOLAN, SR., Respondent, v NEW HYDE PARK FIRE DEPARTMENT et al., Appellants. [27 NYS3d 266]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New Hyde Park Board of Fire Commissioners dated April 8, 2013, which, after a hearing, adopted the recommendation of a hearing officer and dismissed the

petitioner from the New Hyde Park Fire Department, and to compel the New Hyde Park Board of Fire Commissioners and the New Hyde Park Fire Department to reinstate the petitioner, the appeal is from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered March 5, 2014, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court for consideration of the penalty imposed by the New Hyde Park Board of Fire Commissioners.

The petitioner, Michael Dolan, Sr., was a member of the New Hyde Park Fire Department (hereinafter the fire department) and also an elected Commissioner on the New Hyde Park Board of Fire Commissioners (hereinafter the Board). Dolan commenced this proceeding pursuant to CPLR article 78 against the fire department and the Board to annul a determination of the Board, made after a hearing and based on the recommendation of a hearing officer, to remove him from his position as a firefighter with the fire department. The Supreme Court granted the petition. We reverse.

Dolan argues that the actions for which he was removed from his position as a firefighter were taken in his capacity as an elected Commissioner on the Board rather than as a member of the fire department and, therefore, the only permissible remedy was to initiate proceedings to remove him as a Commissioner pursuant to Public Officers Law § 36 rather than to remove him as a firefighter pursuant to General Municipal Law § 209-1. However, the fact that Dolan could also have been removed from his position as Commissioner pursuant to Public Officers Law § 36 did not abrogate the Board's right to remove him as a member of the fire department (*see Matter of Black v Board of Fire Commrs. of Seaford Fire Dist.*, 191 AD2d 551 [1993]; *Matter of Martelle v Margeson*, 116 AD2d 989 [1986]; *Matter of Sommers v Board of Fire Commrs. of Mastic Beach Fire Dist.*, 99 AD2d 784 [1984]).

The evidence at the hearing that Dolan removed, without authorization, certain smoke detectors that he admitted were the property of the fire district sufficiently established that Dolan violated a provision of the Rules and Regulations of the New Hyde Park Fire District. This provision, which applied to Dolan as a firefighter, provided that "[a]ll members shall conduct themselves at all times in such a manner so as not to bring disgrace or adverse criticism or ill feeling against the Company, Department, or District . . . Violation of this rule will be grounds for dismissal." The evidence was also sufficient

to establish that Dolan violated the provision of the Supplemental Rules of Conduct and Procedure which provided that "[i]t shall be the duty of all members and officers to refrain from taking district, department and company property without proper authorization."

Although the Supreme Court further opined that the Board's determination should have been annulled on the basis that the three Commissioners who rendered it should have each recused themselves, there was no evidence that those three Commissioners had such personal involvement as would mandate recusal (*cf. Matter of Baker v Poughkeepsie City School Dist.*, 73 AD3d 916, 917 [2010], *affd* 18 NY3d 714 [2012]).

Dolan's remaining contentions on appeal, that the Board failed to adhere to all of the requirements of General Municipal Law § 209-l, and that the determination was arbitrary and capricious, are without merit.

As the Supreme Court did not reach the issue of the excessiveness of the punishment imposed, we remit the matter to the Supreme Court for consideration of whether the penalty of dismissal was so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.